**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| CUB CLUB INVESTMENT, LLC, | § § | |
| Plaintiff, | § § | CIVIL ACTION No. 6:20-CV-856-ADA-JCM |
| v. | § § | JURY TRIAL DEMANDED |
| APPLE INC., | § § | |
| Defendant. | § | |

**JOINT REPORT ON RULE 26(F) CONFERENCE**
**AND PROPOSED DISCOVERY PLAN**

Plaintiff Cub Club Investment, LLC ("Plaintiff" or "CCI") and Defendant Apple Inc. ("Defendant" or "Apple") (collectively, the "Parties") hereby submit this Joint Report on Rule 26(f) Conference and Proposed Discovery Plan, as required by the Federal Rules of Civil Procedure.

1.  **Date and Attendees**. On November 16, 2020, the Parties conferred pursuant to Federal Rule of Procedure 26(f), and further conferred pursuant to Rule 26(f) on November 20, 2020. The following persons participated in the conference:

    a.  Todd Patterson, John Yates, Abelino Reyna, Kyrie Cameron, Edgar Gonzalez of Patterson + Sheridan LLP, and Craig Ribbeck of The Ribbeck Law Firm, on behalf of Cub Club Investment, LLC; and

    b.  Gabriel Gross and Elana Nightingale Dawson of Latham & Watkins LLP, Paige Amstutz and Sameer Hashmi of Scott Douglass McConnnico, on behalf of Apple Inc.

2.  **Conference Agenda**. As required by Rule 26(f)(2), the Parties discussed the following:

    a.  the nature and basis of their claims and defenses and the possibilities for promptly settling or resolving the case;

1

    b.    arrangements for the disclosures required by Rule 26(a)(1);

    c.    issues about preserving discoverable information; and

    d.    a proposed discovery plan.

3. **Discovery Plan**.

    a.    The Parties do not believe any changes need to be made in the timing, form, or requirement for disclosures under Rule 26(a). The Parties intend to serve initial disclosures, pursuant to Federal Rule of Civil Procedure 26(a), on November 30, 2020.

    b.    CCI believes discovery may be needed on the following subjects:

        (1)    The development of Apple's diverse emoji;

        (2)    The development of Apple's implementation of diverse emoji into Apple's products, including user interfaces of Apple and third-party products;

        (3)    Interactions and communications between Apple's personnel and CCI;

        (4)    Interactions and communications between Apple's personnel, regarding diverse emoji, including CCI and iDiversicons® diverse emoji;

        (5)    Other intellectual property related to Apple's diverse emoji;

        (6)    Financial records and information related to Apple's diverse emoji, including Apple's development and implementation of diverse emoji into Apple's products, including user interfaces of Apple and third-party products; and

        (7)    Information related to Apple's potential defenses and affirmative defenses.

    c.    Apple believes discovery may be needed on the following subjects:

        (1)    The copyrighted works at issue, including the origin, development, and validity of the copyrights, and any Copyright Office

|   |   |   |
|---|---|---|
|   |   | documentation related thereto; |
|   | (2) | iDiversicons, including statements and communications about it by Cub Club and Katrina A. Parrott; |
|   | (3) | The development of the iDiversicons app and, in particular, the development of the iDiversicons app; |
|   | (4) | Other intellectual property related to iDiversicons and Cub Club, including trade dress, utility, and design patents; |
|   | (5) | Katrina A. Parrott's interactions with Apple and vice versa; |
|   | (6) | Katrina A. Parrott's participation in the Unicode Consortium; |
|   | (7) | Financial records related to iDiversicons, Cub Club, and the iDiversicons emoji; |
| d. | | The Parties believe discovery should be conducted and completed as set forth in the proposed Scheduling Order ("Scheduling Order") filed herewith as Exhibit 1, as required by Local Rule CV-16(c). |
| e. | | The Parties have agreed to disclose, conduct discovery with respect to, and preserve electronically stored information pursuant to an agreed-upon stipulation (hereafter "ESI Stipulation") to be submitted by the Parties hereafter for the Court's approval. |
| f. | | The Parties intend to address any issues about claims of privilege or of protection as trial-preparation materials, including issues related to Federal Rule of Evidence 502, in the aforementioned ESI Stipulation. |
| g. | | The Parties do not believe any changes should be made in the limitations on discovery imposed under either the Federal Rules of Civil Procedure or the Local Rules of for the Western District of Texas, nor do the Parties believe any other limitations are necessary beyond those identified in the ESI Stipulation and the proposed Protective Order the Parties intend to submit. |
| h. | | As stated above, the Parties intend to ask the Court to enter an ESI Stipulation and Protective Order. |

Dated:  November 30, 2020                                    Respectfully submitted,

| | |
|---|---|
| /s/ *B. Todd Patterson*<br>B. Todd Patterson<br>*Counsel for Plaintiff*<br>*Cub Club Investment, LLC* | /s/ *Paige Arnette Amstutz*<br>Paige Arnette Amstutz (by permission)<br>*Counsel for Defendant*<br>*Apple Inc.* |
| B. Todd Patterson<br>Attorney In Charge<br>Texas Bar No. 00789537<br>tpatterson@pattersonsheridan.com<br><br>John A. Yates<br>Texas Bar No. 24056569<br>jyates@pattersonsheridan.com<br><br>Kyrie Cameron<br>Texas Bar No. 24097450<br>kcameron@pattersonsheridan.com<br><br>**Patterson + Sheridan LLP**<br>24 Greenway Plaza, Suite 1600<br>Houston, Texas 77046<br>(Tel): 713-623-4844<br>(Fax): 713-623-4846<br><br>Abelino Reyna<br>Texas Bar No. 24000087<br>areyna@pattersonsheridan.com<br><br>**Patterson + Sheridan LLP**<br>900 Washington Ave., Suite 503<br>Waco, Texas 76701<br>(Tel): 254-777-5248<br>(Fax): 877-777-8071<br><br>Craig K. Ribbeck<br>Texas Bar No. 24009051<br>craig@ribbecklawfirm.com<br><br>**The Ribbeck Law Firm, PLLC**<br>P.O. Box 550377<br>Houston, TX 77055<br>(Tel): 713-621-5220<br>(Fax): 713-572-1507 | Paige Arnette Amstutz<br>Texas Bar No. 00796136<br>pamstutz@scottdoug.com<br><br>Sameer Hashmi<br>Texas Bar No. 24101877<br>shashmi@scottdoug.com<br><br>**Scott Douglass & McConnico LLP**<br>303 Colorado Street, Suite 2400<br>Austin, Texas 78701<br>Telephone: (512) 495-6300<br>Facsimile:  (512) 495-6399<br><br>Andrew M. Gass<br>Admitted Pro Hac Vice<br>andrew.gass@lw.com<br><br>**Latham & Watkins LLP**<br>505 Montgomery Street, Suite 2000<br>San Francisco, California 94111-6538<br>Telephone: (415) 391-0600<br>Facsimile:  (415) 395-8095<br><br>Gabriel S. Gross<br>Admitted Pro Hac Vice<br>gabe.gross@lw.com<br><br>**Latham & Watkins LLP**<br>140 Scott Drive<br>Menlo Park, California 94025<br>Telephone: (650) 328-4600<br>Facsimile:  (650) 463-2600<br><br>Elana Nightingale Dawson<br>Admitted Pro Hac Vice<br>elana.nightingaledawson@lw.com<br><br>Carolyn M. Homer<br>Admitted to practice in W.D. Tex.<br>carolyn.homer@lw.com<br><br>**Latham & Watkins LLP**<br>555 Eleventh Street, NW, Suite 1000<br>Washington, DC 20004<br>Telephone: (202) 637-2200<br>Facsimile:  (202) 637-2201 |

## CERTIFICATE OF SERVICE

I hereby certify that on November 30, 2020, a true and correct copy of the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will send notifications of such filing to all counsel of record.

*/s/ B. Todd Patterson*
B. Todd Patterson